IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VIRGIL G. BROMAGHIN                                               PLAINTIFF

V.                      CIVIL NO. 2:18-cv-2080-MEF

NANCY A. BERRYHILL, Acting
Commissioner Social Security Administration                        DEFENDANT

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying his claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and the parties having waived oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Court does not find substantial evidence to support the ALJ's RFC determination in this case. Plaintiff suffers from schizoaffective disorder. Given the nature of his mental illness, the Court finds that the record lacks a sufficient medical basis for determining the Plaintiff's RFC. It contains no consultative mental exams and no RFC assessments from his treating mental health professionals. Accordingly, remand is necessary to allow the ALJ to obtain an RFC assessment from Plaintiff's mental health provider. The ALJ is further directed to obtain a consultative mental

evaluation of the Plaintiff, complete with an RFC assessment, to aid in determining the Plaintiff's mental RFC.

The ALJ is reminded that the evaluation of a mental impairment is more complicated than the evaluation of a claimed physical impairment. Mental illness can be extremely difficult to predict, and remissions are often of uncertain duration and marked by the impending possibility of relapse. Oftentimes, a mentally ill person's noncompliance with medication or treatment will be deemed justified, because their noncompliance is a manifestation of their illness. *See Pate-Fires v. Astrue*, 564 F.3d 935, 945 (8th Cir. 2009) (where the Court held the ALJ should have made a distinction between a noncompliant schizoaffective claimant's awareness of her need to take medication and the question of whether it was a symptom of her mental illness).

IT IS SO ORDERED AND ADJUDGED on this the 12th day of April 2019.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE